**In the Matter of Philip PERLMAN, Individually and trading as P. L. Country Squire,**

**Philip Perlman, Bankrupt, Appellant.**

**No. 17426.**

United States Court of Appeals Third Circuit.

Argued Feb. 6, 1969.

Decided Feb. 25, 1969.

A. Samuel Buchman, Philadelphia, Pa., for appellant.

Lewis H. Gold, Adelman & Lavine, Philadelphia, Pa., for appellee.

Before KALODNER, GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order entered by the district court affirming the referee's denial of the bankrupt's discharge, pursuant to Section 14(c) (3) of the Bankruptcy Act, 11 U.S.C. Section 32 (c) (3).[1]

There is no question here as to the appellant's status, since it was agreed by all concerned, that he was not a noncommercial debtor, but a business executive, and, further, that the financial statement he issued as of December 31, 1965, in reliance on which credit was extended to the bankrupt, was admittedly false. Also, the bankrupt did not deny that the property he obtained on credit was used in the business in which he was engaged, nor is it denied that the person extending credit on the false financial statement relied thereon in so doing. The information contained in the financial statement which the appellant rendered, was taken from his books and

1. This section reads as follows:
"c The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false financial statement in writing respecting his financial condition or the financial condition of such partnership or corporation."

records, and there were very material omissions from the books and records which he had given to his account, which should have been included therein. The sole question is whether or not the financial statement was issued with a "fraudulent" or a "deceitful" intention, or with "reckless indifference" to the actual facts.

 A close scrutiny of the record discloses that reasonable and sufficient grounds were laid at the hearing to show the falsity of the statement and the credit relied thereon, and the burden thereupon shifted to the bankrupt to prove by competent evidence that he had not committed the offense charged. The referee and the court below found that the bankrupt did not meet the burden of proof imposed upon him in this regard, with which we fully agree. In Matter of Barbato, 398 F.2d 572 (3rd Cir. 1968).

Accordingly, the order of the district court will be affirmed.