439 F.2d 787
 In the Matter of Irving B. WEINROTH, Individually and trading as The Fair and The Dugout, Debtor.
Irving B. Weinroth, Individually and trading as the Fair and the Dugout, Appellant,
The First National Bank of Boston, Objecting Creditor, and
Eugene M. Bernstein, Trustee, Appellees.
 No. 19002.
 United States Court of Appeals, Third Circuit.
 Argued January 14, 1971.
 Decided March 15, 1971.
 
 Lester H. Novack, Cohen & Novack, Philadelphia, Pa., for appellant.
 David T. Sykes, Duane, Morris & Heckscher, Philadelphia, Pa. (A. John May, Jr., Philadelphia, Pa., on the brief), for appellee First Nat. Bank of Boston.
 Sidney Chait, Adelman & Lavine, Philadelphia, Pa., for appellee Eugene M. Bernstein.
 Before SEITZ and VAN DUSEN, Circuit Judges, and MASTERSON, District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This is an appeal by Irving B. Weinroth, a bankrupt, from a district court order affirming the referee's denial of his discharge in bankruptcy, pursuant to section 14(c) (3) of the Bankruptcy Act, 11 U.S.C. § 32(c) (3) (1964).[1] The referee found that the bankrupt issued a "materially false" financial statement in writing for the purpose of obtaining credit or a renewal of credit.[2] In order to come within the above-mentioned statutory phrase (11 U.S.C. § 32(c) (3)) "materially false statement in writing respecting his financial condition," a statement must be more than inaccurate in material respects. To bar a discharge, the materially inaccurate financial statement must be either knowingly or intentionally false, or made "`carelessly and with reckless indifference, to the actual facts," In re Barbato, 398 F.2d 572, 573 (3d Cir. 1968). See also In re Butler, 425 F.2d 47 (3d Cir. 1970); In re Butler, 407 F. 2d 1059 (3d Cir. 1969); In re Perlman, 407 F.2d 861 (3d Cir. 1969); Schapiro v. Tweedie Footwear Corp., 131 F.2d 876 (3d Cir. 1942); 1 Collier on Bankruptcy ¶ 14.40, at 1396-99 (14th ed.). The record in this case does not contain among the findings or conclusions that the statement was issued by the bankrupt with knowledge of its falsity or made with reckless disregard for the actual facts.[3] The above decisions of this court require that such a finding be made by a referee before he may deny a discharge under section 14(c) (3).
 
 
 2
 Accordingly, the judgment of the district court and the order of the referee will be vacated, and the case will be remanded to the referee for findings covering the issue whether the bankrupt knowingly made or published or caused to be made or published the false financial statements, or did so with reckless indifference to the facts.[4] See In re Butler, 407 F.2d 1059 (3d Cir. 1969); In re Barbato, 398 F.2d 572 (3d Cir. 1968).
 
 
 
 Notes:
 
 
 [1]
 11 U.S.C. § 32(c) (3) (1964) provides in relevant part:
 The court shall grant the discharge unless satisfied that the bankrupt has * * * while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation * * *
 
 
 [2]
 The referee's finding that the financial statement in question was materially inaccurate and was relied upon by a creditor in extending credit is amply supported by the record
 
 
 [3]
 We have not overlooked the statement in the referee's opinion that "liabilities of the bankrupt * * * were deliberately omitted from his financial statement," but we believe clearer wording is required by the above cited cases, particularly in light of the preparation of the financial statement by an accountantBut see Perlmutter v. Hudspeth, 264 F. 957 (3d Cir. 1920).
 
 
 [4]
 In view of the contentions of appellant, we note that the opinion contains findings that the inventory purchased in the last part of 1966 was included in the financial statement as an asset and that the transcript of the hearing (held 9/11/68) on the Bank's Objection To Confirmation of the Plan, which was stipulated to be considered as "the testimony taken * * * in connection with * * * [the] Objection to the Discharge of the Bankrupt", shows that the bankrupt stated he had no objection to the offer of "the notes of testimony at the first meeting of creditors and its various adjournments, and subsequent meetings on March 21, April 11, April 12, and August 6, 1968". The referee may receive further evidence at a hearing where counsel shall have an opportunity to present argument on the above issue, if he considers such evidence necessary