In re Henry C. HEIL, Jr. and Lois Heil, Debtors.

PERSONAL THRIFT PLAN CONSUMER DISCOUNT COMPANY, Plaintiff,

v.

Henry C. HEIL, Jr. and Lois Heil, Defendants.

Bankruptcy No. 80–02899T. Adv. No. 81–0163.

United States Bankruptcy Court, E. D. Pennsylvania.

July 24, 1981.

Stanley M. Vasiliadis, Bethlehem, Pa., for plaintiff.

Lorenzo W. Crowe, Jr., Lehigh Valley Legal Services, Easton, Pa., for debtors.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The present proceedings concern the dischargeability of a debt obtained by use of a false financial statement. Plaintiff, Blazer Consumer Discount Company, successor to Personal Thrift Plan Consumer Company [hereinafter referred to as Blazer] seeks a determination pursuant to 11 U.S.C. § 523(c) (1979) that the debt based upon its loan to debtors is excepted from discharge. For reasons hereinafter given, we conclude that the debt is dischargeable.[1]

In March of 1979, the debtor borrowed $2,268 from Blazer for the purpose of refinancing a loan made in November of 1978, and to obtain additional capital. Debtors signed a note evidencing the debt, and granted Blazer a security interest in various household goods.

On October 30, 1980, Mr. and Mrs. Heil filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code. In the schedule accompanying their petition, they claimed as exempt certain household items valued at $332. Thereafter, Blazer filed this timely complaint, alleging that on November 27, 1978 and March 16, 1979, Mr. Heil signed applications for loans stating the value of his household goods as $8,000. Blazer alleged that debtors deliberately overstated the value of the household goods with the intention of deceiving Blazer with regard to their financial condition, and further alleged the loan was made in reasonable reliance upon the information provided on the applications.

Debtors answered, denying that they at any time represented the value of their household goods to be $8,000, but admitting that the value of these items on the date of entry of the order for relief was less than $8,000. Furthermore, debtors requested an

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

award of reasonable costs and attorney fees pursuant to 11 U.S.C. § 523(d) (1979).[2]

■ 11 U.S.C. § 523(a)(2)(B) (1979) excepts from discharge any debt obtained by the use of a materially false written statement. The purpose of the section is to prevent a debtor from retaining the benefit of property obtained by fraudulent means. Section 523(a)(2)(B) lists four elements that must be established in order for a debt to be deemed non-dischargeable: use of a statement in writing (i) that is "materially false"; (ii) respecting debtor's financial condition; (iii) on which the creditor reasonably relied; (iv) that the debtor caused to be made or published with intent to deceive.

The term "materially false" has been interpreted by some courts to mean more than "actually false." Those cases hold that in order for a creditor to prevail, it must establish that the debtor actually knew of the falsity of the representations when he made them, or that the materially inaccurate statement be intentionally false or made carelessly and with reckless disregard or indifference to the actual facts. See, e. g., *In re McMillan*, 579 F.2d 289 (3rd Cir. 1978); *In re Weinroth*, 439 F.2d 787 (3rd Cir. 1971).

■ We believe the phrase "materially false" in Section 523(a)(2)(B)(i) means no more than "actually false" or merely "false." Because Section 523(a)(2)(B)(iv) contains an "intent to deceive" element, it is redundant to include a degree of intent within the meaning of materially false. Thus the creditor must show only that the statement is actually false, but that it was made with the requisite intent to deceive. The creditor has the burden of producing "clear and convincing evidence" with respect to each element. *In re Barlick*, 1 B.C.D. 412 (D.R.I.1974).

We now turn to the evidence presented in this case. Blazer introduced into evidence

debtor's loan application and disclosure statements pertaining to notes executed on November 27, 1978 and March 16, 1979 [Exhibits p–2 and p–3, p–4 and p–5; Notes of Testimony at 3–7 (hereinafter cited as N.T.)]. On the face of the November 1978 application, debtors household goods are itemized, and following the printed words "customer's estimated value" there is handwritten "8,000", whereupon there is a "X" followed by Mr. Heil's signature. Blazer did not present evidence to identify who wrote the figure "8,000" on the application, nor did they present evidence that when Mr. Heil signed the application the figure "8,000" appeared on the statement. Blazer's only witness, Dominick Merlo, the assistant manager of Blazer, testified that he was unfamiliar with Blazer's procedures or policy used in granting the loan to debtors, as he was not employed by Blazer at that time. [N.T. at 17]

Mr. Heil testified that he did not specifically value his household goods, either orally or in writing, when applying for the loans. Rather, he testified that he was asked the condition of the items, not their value [N.T. at 26]. He further testified that he did not fill in the applications, but that he was only requested to sign them, which he did. [N.T. at 27]. Mrs. Heil's signature does not appear on either application [exhibit P–3, P–4; N.T. at 11].

■ In summary, Blazer has introduced into evidence a written loan application containing a statement which debtors admit is factually untrue. However, Blazer has failed to produce evidence that the misrepresentation appeared on the application when the debtor signed it. Nor has Blazer elicited such an admission from the debtors on cross-examination. Therefore, Blazer has failed to show that debtor signed a statement which was "materially false". We conclude that because Blazer has failed

---

**2.** Section 523(d) of the Bankruptcy Code provides:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor, for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

**584**

to produce "clear and convincing" evidence of a "materially false" statement, the debt to Blazer is dischargeable.

Since this consumer debt has been determined to be dischargeable under Section 523(a)(2), 11 U.S.C. § 523(d) (1979) suggests that the court grant judgment against the plaintiff and in favor of the debtor for costs and a reasonable attorney fee, unless to do so would be clearly inequitable. We will direct counsel for the parties to appear for a hearing on the merits of the debtors' entitlement, if any, to attorney fees and costs connected with the defense of this proceeding.

Blazer's complaint is DISMISSED.