693 F.2d 50
 In the Matter of Joseph Joel FREEDMAN, individually, and as
a partner in Singleton Apartments, Bankrupt.
Isaac S. JOLLES and Robert Miller, Appellees,
v.
Joseph Joel FREEDMAN, Appellant.
 No. 82-1050.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 8, 1982.
Decided Nov. 18, 1982.
 
 Isaac S. Jolles, Augusta, Ga., for appellees; Isaac S. Jolles, Jolles & Slaby, P.C., Augusta, Ga., on brief.
 Edward M. Cohen & Associates, St. Louis Park, Minn., for appellant.
 Before HEANEY and ARNOLD, Circuit Judges, and HENLEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The bankrupt, Joseph Joel Freedman, appeals from an order of the United States magistrate affirming the bankruptcy court's denial of his voluntary discharge in bankruptcy.
 
 
 2
 Freedman was a partner in an apartment development project with appellees Jolles and Miller. The partners were co-guarantors on a mortgage obligation to Citizens & Southern National Bank and the Georgia Railroad Bank & Trust Company. When the development project failed, Jolles and Miller paid the amounts owing on the obligation. Freedman thereby became indebted to them.
 
 
 3
 Freedman filed a petition for voluntary discharge in bankruptcy and was adjudicated a bankrupt on December 8, 1976. Jolles and Miller filed complaints contesting the discharge under Sections 14(c)(3), (4), and (7) of the Bankruptcy Act of 1938 (currently codified, as amended, at 11 U.S.C. Sec. 727, Supp. III 1979). These sections prevent a voluntary discharge if the bankrupt obtained credit by filing a materially false financial statement; or if the bankrupt has transferred property within the twelve months immediately prior to filing bankruptcy with the intent to hinder, delay, or defraud creditors; or if the bankrupt fails to satisfactorily explain any losses or deficiencies of assets to meet liabilities.
 
 
 4
 The bankruptcy court found that Freedman published false financial statements in applying for credit for the partnership in 1972 and 1976. The statements listed as his assets, among other things, a car which belonged to his mother, $55,000 in personal and household items belonging to his mother and his wife, and other property which was not legally his. The court also found that he transferred over $60,000 to his wife and some stock to his lawyer within twelve months of his petition for bankruptcy with the intent to defraud creditors. Finally, the court found that he failed to explain what happened to all the assets he had listed in his 1976 financial statement.
 
 
 5
 Freedman first contends that the bankruptcy court failed to make a specific finding that he published financial statements that were materially false with "fraudulent intent." We agree with the magistrate that the bankruptcy court's order can be read as a whole to find that Freedman had published false financial statements within the meaning of Section 14(c)(3) of the Bankruptcy Act of 1938, even if the specific language of "fraudulent intent" was not used. We do not need to decide whether the bankruptcy court's failure to use the "magic words" of intent requires reversal, however, since the court's denial of a voluntary discharge was proper on the alternate grounds that Freedman transferred property "with the intent to * * * defraud his creditors," under section 14(c)(4), and that he had failed to satisfactorily explain his deficiencies in assets, under section 14(c)(7). Thus, the form of the bankruptcy court's order was sufficient. Cf. In re Weinroth, 439 F.2d 787, 788 (3d Cir. 1971) (per curiam) (remand for specific findings that false statements were made with knowledge of their falsity or reckless disregard of the facts).
 
 
 6
 This case, therefore, reduces to Freedman's second contention on appeal, that the evidence was insufficient to support the factual findings of the bankruptcy court. Under the applicable law, once a creditor raises reasonable grounds to support a finding that the bankrupt committed any of the proscribed acts, the bankrupt has the burden of proving that he or she has not done so. Bankruptcy Act of 1938, Section 14(c); see In re Bateman, 646 F.2d 1220, 1222-23 (8th Cir.1981). Freedman's testimony that he did not have the intent to deceive or to remove property from his creditors' reach is only part of the evidence presented, and the bankruptcy court was in the best position to weigh the credibility of that testimony. Based on our review of the record, we hold that the findings made by the bankruptcy court were supported by sufficient evidence, not the least of which was Freedman's business experience and the activities giving rise to this litigation. See Shainman v. Shear's of Affton, Inc., 387 F.2d 33, 36-37 (8th Cir.1967). We therefore affirm the magistrate's order.