**In re David J. PELEN and Mary T. Pelen, t/d/b/a Action Builders, Debtor.**

**H.A. BUILDING PRODUCTS, INC., Plaintiff,**

**v.**

**David J. PELEN and Mary T. Pelen, t/d/b/a Action Builders, Defendants.**

**Bankruptcy No. 1–83–00247.**
**Adv. No. 1–83–0463.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 18, 1983.

John S. Kundrat, Harrisburg, Pa., for plaintiff.

MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

In this case H.A. Building Products, Inc. (plaintiff) filed a complaint pursuant to 11

U.S.C. § 523 objecting to the dischargeability of the debt owed to it by the debtors, David J. Pelen and Mary T. Pelen.[1] The debtors filed an answer and a hearing was held.

The plaintiff is a wholesale distributor of building products. David J. Pelen was self employed as a contractor and in that capacity developed a business relationship with the plaintiff. He received supplies from the plaintiff in September 1982 and delayed payment until December 28, 1982. Plaintiff's exhibit No. 1 was a credit application filed with plaintiff by David J. Pelen on August 18, 1982. The information obtained by plaintiff was that David J. Pelen was a poor credit risk.

 In early January, David J. Pelen needed about $5000 worth of building supplies. He approached plaintiff who agreed to provide him with the supplies if he and his wife would sign a demand promissory note for $5005.32, the cost of the supplies, and he would give two (2) checks covering the purchase. David J. Pelen gave plaintiff the properly executed demand promissory note and two (2) post-dated checks: one dated January 25, 1983 in the amount of $1,500 and one dated February 14, 1983 in the amount of $3,450. The checks and demand promissory note were given to plaintiff on January 13, 1983, the same day the supplies were delivered to David J. Pelen. Plaintiff deposited the first post-dated check for $1,500 on January 14, 1983 and it was returned because there were insufficient funds to honor it. Plaintiff's general manager testified that he contacted David J. Pelen and was told that there was a mistake at the bank and he should redeposit it. When the check was redeposited it cleared.

The second post-dated check for $3,450 was deposited on the day it was dated February 14, 1983. It too was not honored because David J. Pelen did not have sufficient funds in his account. It was redeposited with the same results. Shortly, thereafter on March 21, 1983 debtors filed their petition in bankruptcy. Subsection § 523(a)(2)(A) is the provision of the Code upon which the plaintiff relies. It provides:

§ 523 Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for obtaining money, property, services, or an extension renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition; or . . . .

11 U.S.C. § 523(a)(2) (1978). There was no direct evidence that David J. Pelen did not intend to have sufficient monies in his account to cover the two (2) post-dated checks at the time the supplies were delivered on January 13, 1983. He testified that it was his intention to have the money available to honor the checks and that it was his payments to others to keep them working on his jobs which precluded him from paying plaintiff.

The plaintiff contends that David J. Pelen was hopelessly insolvent on January 13, 1983 and that therefore fraud may be inferred. The case of *In the Matter of Boydston,* 520 F.2d 1098 (5th Cir.1975) is correctly cited for this proposition. However, we choose not to follow the case of *Boydston* and adopt herewith the view as found in the case of *In the Matter of Slutsky,* 22 B.R. 270 (Bkrtcy.E.D.Mich.1982).

The frauds involved in the portion of 523(a)(2)(A) are those which in fact involve moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. It must further affirmatively appear that such representations were knowingly and fraudulently made.

---

1. While the complaint is against both David J. Pelen and Mary T. Pelen, there was no evidence introduced implicating Mary T. Pelen.

Id. at p. 271. In this case, the plaintiff through his counsel did an excellent job of showing that David J. Pelen was insolvent on January 13, 1983. However, the court is of the belief that David J. Pelen did feel that he would be able to continue in business and pay his obligation to plaintiff. He testified that he did see his present attorney in December but his purpose then was to try to collect from some of the people who owed him money. It was not until, sometime in 1983 after he had supplied his attorney with all his financial data that he decided to file a petition in bankruptcy. He did deposit sufficient monies to cover the first post-dated check in the amount of $1500 after he was notified that it had been dishonored. There was no evidence that David J. Pelen received any personal gain from this transaction with plaintiff. We deem his conduct as an honest albeit hopeless attempt to salvage his business.

■ The debtor has requested relief under section 523(d) which provides:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

11 U.S.C. § 523(d) (1978). The problem with Pelen's position is that the debt in this case is not a "consumer debt" and therefore subsection (d) of § 523 is not applicable. The plaintiff provided building supplies to Pelen which he used in his work as a contractor. The Code provides the following definition: "Consumer debt" means debt incurred by an individual primarily for a personal, family or household purpose. 11 U.S.C. § 101(7) (1978). The debt owed to the plaintiff in this case is clearly not a consumer debt within the ambit of section 101(7) of the Bankruptcy Code. Accordingly, we will enter an appropriate order. This memorandum constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.