

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# USA v. Meyers

Precedential or Non-Precedential:

Docket 01-1727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

### Recommended Citation

"USA v. Meyers" (2002). *2002 Decisions.* Paper 213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1727
_____

UNITED STATES OF AMERICA

v.

JOHN W. MEYERS, SR.,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 99-cr-00142
(Honorable Yvette Kane)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 15, 2002

Before:  SCIRICA, GREENBERG and BRIGHT*, Circuit Judges

(Filed: March 26, 2002)

*The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

SCIRICA, Circuit Judge.

This is an appeal from a criminal conviction and sentence.
                    I.
John Meyers, a failed general contractor, represented himself as an experienced
bank debenture trader and the head of RWAI Group, Inc., an "international investment
group."  Meyers provided potential investors a list of his "clients," all affluent individuals
who had invested "billions of dollars" with him.  Meyers told potential clients their
investments, like those on the list, would be protected in escrow accounts and by other
procedural stratagems, and that he would take no commissions from those sums.  Several
investors deposited a total of $1,625,000 in RWAI, with promises of million-dollar
returns.  Meyers used $475,000 of this money for personal purchases.  Only $300,000
was invested in bank debenture programs.  Some clients lost every dollar invested.

A jury convicted Meyers of all charges in a thirty-seven-count indictment of wire fraud, mail fraud, money laundering, engaging in illegal transactions, and making false statements to the Federal Bureau of Investigation. He was ordered to forfeit $1.25 million, two automobiles and offshore funds. Meyers was sentenced to 131 months' imprisonment and three years of supervised release. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. 3231. We have jurisdiction under 28 U.S.C. 1291.

## III.

The District Court permitted the testimony of Gerald Robinson, an attorney who had represented RWAI and Meyers in prior civil litigation. Meyers contends Robinson's testimony violated his attorney-client privilege and the attorney-work-product doctrine. But Robinson testified only to Meyers's prior business practices and history, not "private communications." That Meyers had filed for bankruptcy and been involved in lawsuits were matters of public record. Neither the attorney-client privilege nor the work-product doctrine was implicated in Robinson's testimony. Accord Hickman v. Taylor, 329 U.S. 495, 508 (1947). We review for abuse of discretion. United States v. Console, 13 F.3d 641, 659 (3d Cir. 1993). Robinson's testimony demonstrated Meyers misled potential clients about his past qualifications and experience. Investors detrimentally relied on Meyers's representations. We see no error in admitting Robinson's testimony.

## IV.

Prior to trial, the District Court ruled Herbert Biern could testify as an expert of bank debenture programs, but could not testify whether Meyers's investment plan was fraudulent. Meyers suggests Biern "implicitly" violated the order by encouraging an inference that Meyers was guilty. Meyers failed to object, so we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Biern's testimony focused on banking terminology, the accuracy of representations made about the Federal Reserve Board, and certain documents. It did not "seriously affect[] the fairness, integrity or public reputatic of judicial proceedings." Id. (quotation and citation omitted). The Court was well within its sound discretion in allowing this testimony. Cf. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 158 (1999) ("Rule 702 grants the district judge the discretionary authority, reviewable for its abuse, to determine reliability in light of the particular facts and circumstances of the particular case."). We see no error.

## V.

Meyers contends the evidence did not demonstrate the offshore trading program he "established" constituted an illegal scheme to defraud, because he honestly believed the program existed. Reviewing the evidence in the light most favorable to the government, United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995), we find "substantial evidence supports the jury's verdict." United States v. Paramo, 998 F.2d 1212, 1216 (3d Cir. 1993). Witnesses testified Meyers intentionally misled his clients and federal investigators about the offshore trading program. We see no error.

## VI.

Meyers claims statements he made to potential investors concerning his financial acumen and his "humanitarian" motives were "puffing," not illegal misrepresentations. Viewing the evidence in the light most favorable to the government, Coyle, 63 F.3d at 1243, Meyers's statements were "material" to his conviction. Several of Meyers's clients testified his biographical statements influenced their decision to provide him funds for investment. Additionally, the government presented evidence that Meyers had lied to investors and federal agents about the disposition of "invested" funds. These statements, not Meyers's self-aggrandizing biographical boastings, provided sufficient evidence for his convictions of mail and wire fraud. Cf. In re Weinroth, 439 F.2d 787, 787-88 (3d Cir. 1971). We will not disturb the verdict.

## VII.

Meyers alleges his sentence was inappropriately enhanced, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). We disagree. The jury found the fraudulent scheme involved $1,250,000. The District Court's calculated loss to RWAI's three joint venture partners ($400,000) was well within this amount, rendering Apprendi inapplicable. We see no error.

## VIII.

For the foregoing reasons we will affirm the judgment of conviction and sentence.

TO THE CLERK:

       Please file the foregoing opinion.


                      /s/ Anthony J. Scirica
                        Circuit Judge