In re Arnold GELFAND t/a Arnold's Shoe Salon, Debtor.

VOLK OF PHILADELPHIA, INC., Plaintiff,

v.

Arnold GELFAND t/a Arnold's Shoe Salon, Defendant.

Bankruptcy No. 83–01320K.
Adv. No. 84–0206K.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 9, 1985.
As Amended May 6, 1985.

Jay S. Ruder, Philadelphia, Pa., for plaintiff.

Jeffrey Meyers, Philadelphia, Pa., for debtor/defendant.

Anthony Barone, Philadelphia, Pa., trustee.

Vito F. Canuso, Jr., Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether a debt should be declared nondischargeable as a result of either a debtor's failure to inform a creditor that he had filed a petition under Chapter 11, or his subsequent purchase of goods on credit. For the reasons stated herein, we conclude that it should not. Accordingly, we will deny the relief requested in the creditor's complaint.

The facts of the case are as follows:[1] On March 29, 1983, Arnold Gelfand t/a Arnold's Shoe Salon ("debtor"), a shoe retailer, filed a petition under Chapter 11 of the Code. At the time of the filing of the petition, the debtor had been doing business for a number of years with Volk of Philadelphia, Inc. ("creditor"), a shoe wholesaler. The creditor, to which the debtor owed $684.09, was not scheduled, and was not notified of the bankruptcy.

Two (2) months after the filing of the Chapter 11 petition, with a zero account balance, the debtor placed an order with the creditor for merchandise at a cost of $4,080.83. The debtor continued to make payments on its account through 1983, but placed no further orders, with the exception of several small orders for back room supplies.

In late 1983, in response to an inquiry from the creditor's salesman, the debtor stated that he was not going out of business. On January 10, 1984, the debtor's Chapter 11 case was converted to a case under Chapter 7 of the Code. At the time of the conversion, the debtor owed the creditor $4,161.05.

The creditor filed the instant complaint to determine the dischargeability of the debt pursuant to § 523(a)(2)(A) of the Code. At the evidentiary hearing on the complaint, the debtor moved for non-suit at the close of the creditor's case. This Court reserved decision on the motion, which the

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

debtor renewed following his introduction of evidence.

Section 523(a)(2) excepts from discharge any debt for obtaining money, property, services or credit by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;  or

(B) use of a statement in writing—

    (i) that is materially false;

    (ii) respecting the debtor's or an insider's financial condition;

    (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied;  and

    (iv) that the debtor caused to be made or published with intent to deceive[.]

■ The issue of whether an exception to discharge should be granted generally arises in the context of pre-petition debt. Here, the circumstances involve a debt that was incurred after the filing of a Chapter 11 petition, and before the case was converted to a case under Chapter 7. Nevertheless, a § 523 analysis is applicable through the operation of §§ 727 and 348 of the Code. Section 727(b) provides that all debts that arose before the date of the order for relief under Chapter 7 may be discharged, 11 U.S.C. § 727(b), while § 348(d) provides that a claim that arises after the order for relief, but before conversion, other than a claim specified in § 503(b), is to be treated as if it had arisen before the date of the filing of the petition, 11 U.S.C. § 348(d);  *In re Blue Ribbon Delivery Service, Inc.,* 31 B.R. 292 (Bankr.W. D.Ky.1983). Since the instant claim does not fall within the exception for administrative expense under § 503(b), it may be treated as a pre-petition debt.

The creditor advances several bases in support of its complaint. One is that the debtor's failure to notify it of the filing of the Chapter 11 petition constituted false pretenses that the debtor was solvent.

The debtor challenges the creditor's assertion in his dismissal motion,[2] which we will address as a preliminary matter. In moving to dismiss, the debtor alleges that any representation of solvency constitutes a statement respecting the debtor's financial condition, and that any such statement must necessarily be in writing.

■ Section 523(a)(2)(B) requires that a false representation which takes the form of a financial statement must be in writing. *Blackwell v. Dabney,* 702 F.2d 490 (4th Cir.1983);  *Webster City Production Credit Association v. Simpson (In re Simpson),* 29 B.R. 202 (Bankr.N.D.Iowa 1983); *Detling v. Detling (In re Detling),* 28 B.R. 469 (Bankr.N.D.Iowa 1983); *Bialek's Medical Arts Clinical Reference Laboratory, Inc. v. Patch (In re Patch),* 22 B.R. 970 (Bankr.D.Md.1982); *Jahanger v. Bedard (In re Bedard),* 19 B.R. 565 (Bankr.E.D.Pa. 1982).

■ Since we construe a representation of solvency as a financial statement, the creditor's argument based on false pretenses must fail because of the lack of a writing.[3] However, because the creditor's other basis in support of its complaint does assert a cause of action under § 523(a)(2)(A), we will deny the debtor's dismissal motion.

■ In further support of its complaint, the creditor asserts that the debtor's post-

---

**2.** We have deemed the debtor's motion for nonsuit, a state court procedure, a motion for involuntary dismissal under the Federal Rules of Civil Procedure. Rule 41(b) of the Federal Rules, which is incorporated in this proceeding through Bankruptcy Rule 7041, provides that a defendant in a nonjury case may move to dismiss at the close of the plaintiff's evidence on that ground that, on the facts and the law, the plaintiff has shown no right to relief. Fed.R. Civ.P. 41(b);  Bankruptcy Rule 7041.

**3.** Likewise, we reject the creditor's assertion that the debtor's denial of his business's impending closing to the creditor's salesman is a basis for excepting the debt from discharge. Even if we were to allow that the statement constituted a false representation, it would fail to qualify under § 523(a)(2) for want of a writing, as well as reliance by the creditor.

petition purchase of merchandise, with no intention of payment, constituted a false representation. A debtor's purchase of goods on credit at a time when he is unable and, therefore, does not intend to pay for them constitutes a false representation under § 523(a)(2)(A) of the Code. 3 *Collier on Bankruptcy* ¶ 523.08 (15th ed. 1982).

The frauds included under § 523(a)(2)(A) require moral turpitude or intentional wrong, and it must affirmatively appear that the representations were knowingly and fraudulently made. *Luft v. Slutzky (In re Slutzky),* 22 B.R. 270 (Bankr.E.D.Mich.1982).

In order to prevail under this provision, the creditor must prove that: (1) the debtor made a materially false representation; (2) with the intent to deceive; (3) that the creditor relied on that false representation; and (4) that the creditor sustained proximate damage as a result. *American Bank and Trust Co. v. Lipsey (In re Lipsey),* 41 B.R. 255 (Bankr.E.D.Pa.1984); *H.C. Prange Co. v. Schnore (In re Schnore),* 13 B.R. 249 (Bankr.W.D.Wis. 1981); *Ranier Bank v. Poteet (In re Poteet),* 12 B.R. 565 (Bankr.N.D.Tex.1981); *Barnett Bank v. Pitts (In re Pitts),* 10 B.R. 557 (Bankr.M.D.Fla.1981); *Pacific Finance Discount Co. v. Whiting (In re Whiting),* 10 B.R. 687 (Bankr.E.D.Pa.1981).

Intention to deceive is very subjective, but may be established through circumstantial evidence. *Caribank v. Diaz de Villegas (In re Diaz de Villegas),* 26 B.R. 600 (Bankr.S.D.Fla.1983); *First National Bank & Trust Co. v. Stewart (In re Stewart),* 7 B.R. 551 (Bankr.M.D.Ga.1980). The existence of fraud may be inferred if the totality of circumstances present a picture of deceptive conduct by the debtor which indicates that he intended to cheat the creditor. *Century Bank v. Clark (In re Clark),* 1 B.R. 614 (Bankr.M.D.Fla.1979).

In objecting to the dischargeability of a debt, the burden of proof is on the party seeking the exception to discharge. *Household Finance Corp. v. Danns,* 558 F.2d 114 (2d Cir.1977); *Schlecht v. Thorn-*

*ton,* 544 F.2d 1005 (9th Cir.1976). Exceptions to discharge are narrowly construed against the creditor, and in favor of the debtor. *In re Decker,* 595 F.2d 185 (3d Cir.1979).

As stated above, the debtor, with a zero account balance, purchased merchandise totalling $4,080.83 two (2) months after the filing of the Chapter 11 petition, and seven (7) months before the conversion of the case to a case under Chapter 7. The debtor continued to make payments on its account through 1983, but placed no further orders, with the exception of several small orders for back room supplies. The timing and amount of the purchases, as well as the debtor's payment record do not lead us to the conclusion that the debtor had no intention to pay for the merchandise.

Therefore, since we find that the debtor is not liable for false representation, we will deny the relief requested in the creditor's complaint.