In re Benjamin W. **FENNINGER**, Jr. t/a Fenninger Kitchens, Debtor.

Ruby **SEIDERS**, Plaintiff,

v.

Benjamin W. **FENNINGER**, Jr. t/a Fenninger Kitchens and Leo Doyle, Trustee, Defendants.

Bankruptcy No. 83–02920G.
Adv. No. 84–0527G.

United States Bankruptcy Court, E.D. Pennsylvania.

May 17, 1985.

---

**308**

William R. Keen, Jr., Coatesville, Pa., for plaintiff Ruby Seiders.

Edward J. DiDonato, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for debtor/defendant Benjamin W. Fenninger, Jr. t/a Fenninger Kitchens.

Leo F. Doyle, Philadelphia, Pa., trustee/defendant.

John A. Wetzel, Philadelphia, Pa., for trustee/defendant Leo F. Doyle.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

This case centers on whether an obligation owed by the debtor should be held nondischargeable due to the debtor's failure to comply with the terms of a contract giving rise to the debt. Since we find, *inter alia*, that the debtor signed the contract with intent to defraud the plaintiff, we conclude that the debt is nondischargeable.

The facts underlying this controversy are as follows: [1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on July 21, 1983. Prior to that time the debtor had been engaged in the business of installing and renovating residential kitchens. In furtherance of this line of work the debtor signed a contract in May of 1981, with one Ruby Seiders ("Seiders") in which he agreed to revamp her kitchen in exchange for $27,200.00. The contract provided that the kitchen would be completed by Christmas of 1981. At or about the signing of the contract Seiders advanced $11,537.33 to the debtor as a deposit for the work. No material was ordered for the job by the debtor until September of 1982—more than nine months after the scheduled *completion* of the project. At no time did the debtor expend any money to procure such materials. The debtor's explanations for his failure to timely order the material for the job were evasive, lacked credibility and reflected an on-going scheme of intentional, unreasonable delay in commencing work on Seider's kitchen. From these factors we find that the debtor intended to defraud Seiders at the time he signed the construction contract with her. At the time of the signing, the debtor's overtures to Seiders that he

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

intended to complete the contract, constituted materially false representation on which Seiders reasonably relied. These representations caused Seiders to part with her deposit of $11,537.33.

▮▮▮▮ Seiders instituted the action at bench under 11 U.S.C. § 523(a)(2) seeking an exception to discharge. In an action based on fraud under § 523(a)(2)[2] the plaintiff must prove that:

(1) the debtor made the representations;

(2) at the time he knew they were false;

(3) he made them with the intention and purpose of deceiving the creditor;

(4) the creditor relied on such representations;

(5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Skinner v. Teal* (In Re Teal), 35 B.R. 360, 361 (Bankr.E.D.Pa.1984); *Berk v. Stewart* (In Re Stewart), 10 B.R. 214, 217 (Bankr.C.D.Cal.1981); *Plummer v. Gillespie* (In Re Gillespie) 11 B.R. 167, 169 (Bankr.D.Ore.1981); *Butler Manu. Co., Inc. v. Vissers* (In Re Vissers), 21 B.R. 638, 639 (Bankr.E.D.Wis.1982); *Houtman v. Mann,* 568 F.2d 651, 655 (9th Cir.1978) (enumerating elements of action under § 17a(2) of the Bankruptcy Act of 1898 which is the precursor to § 523(a)(2)(A)). In objecting to the dischargeability of a debt, the burden of proof is on the party seeking the exception to

2. In pertinent part § 523(a) of the Code states as follows:

§ 523 Exceptions to discharge
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—

\* \* \* \* \* \*

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive;

\* \* \* \* \* \*

Section 523(a)(2) was amended by the § 454, the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 375–76, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day "grace" period following the enactment of the amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of amendment). We reproduced § 523(a)(2) as it stood prior to the passage of the amendment. The provision currently stands as follows:

§ 523 Exceptions to discharge.
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; or
(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000.00 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.);

\* \* \* \* \* \*

discharge. *Schlecht v. Thornton,* 544 F.2d 1005, 1006 (9th Cir.1976); *Household Finance Corp. v. Danns,* 558 F.2d 114, 116 (2d Cir.1977). The exceptions to discharge are narrowly construed against the creditor and in favor of the debtor. *In Re Vickers,* 577 F.2d 683, 687 (10th Cir.1978); *Kleppinger v. Kleppinger* (In Re Kleppinger), 27 B.R. 530, 531 (Bankr.M.D.Pa.1982).

Under § 523(a)(2) proof of actual fraud is required although such fraud may be proved by direct as well as circumstantial evidence, since palpable evidence of the mental state of an individual is rarely, if ever, available. *Caribank v. Diaz de Villegas* (In Re Diaz de Villegas), 26 B.R. 600, 603 (Bankr.S.D.Fla.1983). The existence of fraud may be inferred if the totality of circumstances present a picture of deceptive conduct by the debtor which indicates that he intended to deceive and cheat the creditor. *Century Bank of Pinellas County v. Clark* (In Re Clark), 1 B.R. 614, 17 (Bankr.M.D.Fla.1979). Lastly, fraudulent intent cannot be founded on a mere breach of contract but if the debtor signs a contract intending not to comply with its terms and later defaults under that contract, the contract may provide a basis for an exception to discharge under § 523(a)(2) if the other remaining elements are satisfied. *Williams v. Golanoski;* (In Re Golanoski), Bky. No. 5–82–00336, Adv. No. 5–82–0462, slip op. at 2 (Bankr.M.D.Pa. May 12, 1983); *In Re Elver,* [1970–1973 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 64,776 (Bankr.W.D.Wis. Apr. 2, 1973).

Having concluded that the debtor signed the contract with Seiders with actual intent of defrauding her, he implicitly represented that he would do the intended work. On this material misrepresentation Seiders reasonably relied to her detriment by parting with her deposit of $11,537.33. Since Seiders has proved her entitlement to relief under § 523(a)(2) we will enter an order excepting as nondischargeable the $11,537.33 debt to Seiders.