In re Brendan T. TAYLOR a/k/a Brendan Timothy Taylor a/k/a Brendan Taylor and Bridget Taylor, Debtors.

George M. BRENNENSTUHL, Plaintiff,

v.

Brendan T. TAYLOR and Bridget Taylor h/w, Defendants.

Bankruptcy No. 84–02079G.
Adv. No. 84–1249G.

United States Bankruptcy Court,
E.D. Pennsylvania.

May 28, 1985.

**850**

Thomas M. Del Ricci, Hamburg, Rubin, Mullin & Maxwell, Lansdale, Pa., for plaintiff, George M. Brennenstuhl.

David Sambolin, Community Legal Services, Inc., Philadelphia, Pa., for defendants.

Michael A. Cibik, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The inquiry in the matter at bench is whether we should grant a creditor an exception to discharge for a loan obligation where the debt was allegedly incurred by fraud. Since we find that the creditor failed to prove the requisite fraudulent intent for such a cause of action, we will deny the creditor's request for an exception to discharge.

The facts of this controversy are summarized as follows:[1] The debtors and the creditor, George M. Brennenstuhl ("Brennenstuhl"), are neighbors within the City of Philadelphia. On numerous occasions Brennenstuhl has lent money to friends and acquaintances in his neighborhood. Several years ago Brennenstuhl advanced funds to the debtors on the husband-debtor's representation that he would use the money to secure United States citizenship and to purchase a truck for his hauling business. After the debtor failed timely to repay the money, Brennenstuhl instituted an action in state court against the debtors ostensibly for breach of contract which resulted in a $8,600.00 judgment in his favor.

In the case at bench Brennenstuhl predicated his complaint for the exception to discharge on the allegation that the husband-debtor fraudulently misrepresented his intended uses of the money. Although the record does not disclose whether the debtors used the funds for the proffered purposes, Brennenstuhl nonetheless failed to prove that the debtors possessed the requisite fraudulent intent at the time the money was borrowed.

■ The Bankruptcy Code ("the Code") provides in pertinent part that:

§ 523 Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

\*　　\*　　\*　　\*　　\*　　\*

11 U.S.C. § 523(a)[2] In an action based on fraud under § 523(a)(2)(A) the plaintiff must prove that:

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Section 523(a)(2) was amended by the § 454, the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 375–76, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day "grace" period following the enact-

ment of the amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of amendment). We reproduced above § 523(a)(2) as it stood prior to the passage of the amendment. The provision currently stands as follows:

§ 523 Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*　　\*　　\*　　\*　　\*　　\*

(1) the debtor made the representations;

(2) at the time he knew they were false;

(3) he made them with the intention and purpose of deceiving the creditor;

(4) the creditor relied on such representations;

(5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

 *Seiders v. Fenninger,* 49 B.R. 307 (In Re Fenninger), (Bankr.E.D.Pa.1985); *Skinner v. Teal* (In Re Teal), 35 B.R. 360, 361 (Bankr.E.D.Pa.1984); *Berk v. Stewart* (In Re Stewart), 10 B.R. 214, 217 (Bankr.C. D.Cal.1981); *Plummer v. Gillespie* (In Re Gillespie) 11 B.R. 167, 169 (Bankr.D.Ore. 1981); *Butler Manu. Co., Inc. v. Vissers* (In Re Vissers), 21 B.R. 638, 639 (Bankr.E. D.Wis.1982); *Houtman v. Mann,* 568 F.2d 651, 655 (9th Cir.1978) (enumerating elements of action under § 17a(2) of the Bankruptcy Act of 1898 which is the precursor to § 523(a)(2)(A). In objecting to the dischargeability of a debt, the burden of proof is on the party seeking the exception to discharge. *Schlecht v. Thornton,* 544 F.2d 1005, 1006 (9th Cir.1976); *Household Finance Corp. v. Danns,* 558 F.2d 114, 116 (2d Cir.1977). The exceptions to discharge are narrowly construed against the creditor and in favor of the debtor. *In Re Vickers,* 577 F.2d 683, 687 (10th Cir.1978); *Kleppinger v. Kleppinger* (In Re Kleppinger), 27 B.R. 530, 531 (Bankr.M.D.Pa.1982).

As stated above, under § 523(a)(2)(A) proof of actual fraud is required although such fraud may be proved by direct as well as circumstantial evidence, since palpable evidence of the mental state of an individual is rarely, if ever, available. *Caribank v. Diaz de Villegas* (In Re Diaz de Villegas), 26 B.R. 600, 603 (Bankr.S.D.Fla.1983). The existence of fraud may be inferred if the totality of circumstances present a picture of deceptive conduct by the debtor which indicates that he intended to deceive and cheat the creditor. *Century Bank of Pinellas County v. Clark* (In Re Clark), 1 B.R. 614, 617 (Bankr.M.D.Fla.1979). Lastly, fraudulent intent cannot be founded on a mere breach of contract but if the debtor signs a contract intending not to comply with its terms and later defaults under that contract, the contract may provide a basis for an exception to discharge under § 523(a)(2)(A) if the other remaining elements are satisfied. *Seiders v. Fenninger; Williams v. Golanoski, (In Re Golanoski),* Bky. No. 5–82–00336, Adv. No. 5–82–0462, slip op. at 2 (Bankr.M.D.Pa. May 12, 1983); *In Re Elver,* [1970–1973 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 64,776 (Bankr.W.D. Wis. Apr. 2, 1973).

Having found [3] in the case before us that Brennenstuhl failed to prove the requisite fraudulent intent, we cannot grant Brennenstuhl an exception to discharge. We will accordingly enter an order denying that requested relief.

---

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

\*   \*   \*   \*   \*   \*

**3.** Bankruptcy Rule 8013 provides that on appeal "the findings of fact [made by the bankruptcy judge] shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Bankruptcy Rule 8013; *Frank v. Arnold* (In Re Morrissey), 717 F.2d 100, 104–05 (3d Cir.1983); *Gravel, Shea & Wright, Ltd. v. Bank of New England* (In Re New England Carpet Co.), 744 F.2d 16, 17 (2d Cir.1984); *In Re Neis,* 723 F.2d 584, 589 (7th Cir.1983), *quoting from Tepper v. Chichester,* 285 F.2d 309, 312 (9th Cir.1960) ("the findings of the referee [the bankruptcy judge] on questions of intent ... are questions of fact, or in some instances, mixed questions of law and of fact, and the findings of the referee ... will not be set aside on anything less than a demonstration of clear mistake in applying the law").