In re Glenn Thomas HAMMILL and Bernadette Marie Hammill, a/k/a Bernadette Marie Clark, Debtors.

Harry and Beatrice KOLTMAN, Plaintiffs,

v.

Glenn T. HAMMILL and Bernadette Hammill, Defendants.

Bankruptcy No. 84–01359 T.
Adv. No. 84–1480.

United States Bankruptcy Court, E.D. Pennsylvania.

June 3, 1986.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiffs.

Joshua Z. Goldblum, Schneider & Goldblum, Langhorne, Pa., for debtors.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs have filed a complaint requesting that the debt owed to them by the Chapter 7 defendants-debtors be determined to be nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). The complaint also requests that the debtors be denied a discharge pursuant to § 727(a)(3) of the Bankruptcy Code, 11 U.S.C. § 727(a)(3). For the following reasons, we shall deny all of the relief requested in the plaintiffs' complaint.[1]

In April, 1982, the plaintiffs and the debtors entered into an agreement of sale whereby the debtors agreed to purchase the plaintiffs' restaurant business for $165,000.00 (including a $5,000.00 down payment), with settlement not to occur until March, 1983. In the interim, the parties agreed that the debtors would lease the premises for $1,000.00 per month. The debtors defaulted under the agreement of sale, which resulted in a judgment being entered in April, 1983 in favor of the plaintiffs and against the debtors in the amount of $175,000.00. The debtors subsequently filed bankruptcy. It is this $175,000.00 debt which the plaintiffs request be found nondischargeable under § 523(a)(2)(A).

Section 523(a)(2)(A) of the Bankruptcy Code states:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In order to prevail in an action under § 523(a)(2)(A), a plaintiff must prove by clear and convincing evidence:

(1) that the debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In re Bellesfield*, 41 B.R. 729 (Bankr.E.D.Pa.1984); *In re Fains*, 37 B.R. 539 (Bankr.E.D.Pa.1984); *In re Teal*, 35 B.R. 360 (Bankr.E.D.Pa.1984); *In re Stewart*, 10 B.R. 214 (Bankr.C.D.Cal.1981); *Houtman v. Mann*, 568 F.2d 651 (9th Cir. 1978).[2]

In objecting to the dischargeability of a debt, the burden of proof is on the party seeking the exception to discharge. *In re Taylor*, 49 B.R. 849 (Bankr.E.D.Pa. 1985); *In re Gelfand*, 47 B.R. 876 (Bankr. E.D.Pa.1985); *Household Finance Corp. v. Danns*, 558 F.2d 114 (2nd Cir.1977). Exceptions to discharge are narrowly construed against the creditor and in favor of the debtor. *In re Gelfand, supra; Matter of Vickers*, 577 F.2d 683 (10th Cir.1978); *In re Phillips*, 27 B.R. 646 (Bankr.M.D.Pa. 1982).

In the present matter, the plaintiffs argue that the debtors never intended to comply with the aforementioned agreement of sale, thereby evidencing the false representation and fraudulent intent required by § 523(a)(2)(A). *See In re Taylor, supra*, at 49 B.R. 851. The basis of the plaintiffs' argument is that prior to the execution of the agreement of sale, the debtors applied to a bank for a $5,000.00 loan in order to make the aforementioned $5,000.00 down

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** Decided under § 17(a)(2) of the Bankruptcy Act of 1898, which is the almost identical precursor to § 523(a)(2)(A) of the Bankruptcy Code.

payment. The loan request was based upon at least some of the records of the restaurant business. The loan request was denied and the debtors borrowed the $5,000.00 from a friend and paid it as the down payment.[3] The plaintiffs further point out that Mr. Hammill testified that the debtors intended to acquire financing for the purchase in time for settlement based upon the debtors' operation of the business in the interim. The plaintiffs thus argue that the debtors knew that they could not obtain the $160,000.00 balance of the purchase price less than a year after they were refused even a $5,000.00 loan on the same basis of the operation of the business. Therefore, the plaintiffs conclude, the debtors fraudulently entered into the agreement of sale. This conclusion is buttressed, claim the plaintiffs, by the debtors' failure even to apply for financing subsequently.

We must reject this argument by the plaintiffs. While the debtors may have engaged in bad business judgment, we can find no clear and convincing evidence of any fraudulent intent on their part. First, it is not clear that the debtors believed or should have believed that they would have to finance the entire $160,000.00. Secondly, we do not feel that their belief that they could establish a "track record" with the business in order to borrow substantial money thereon was incredulous under all of the circumstances. Thirdly, the debtors sunk about $10,000.00 of their own money into the restaurant business in their unsuccessful attempt to get it to operate profitably. Along with the loss of this approximately $10,000.00, the debtors suffered further financial loss and personal aggravation as a result of their attempt to purchase the plaintiffs' business. Fourthly, we are completely satisfied that the debtors' application for financing at any time after the agreement of sale was signed would have been, as the debtors argue, a futile act because of the continuing failure of the business. Finally, we found Mr. Hammill to be a credible witness.

■ Briefly, the plaintiffs also argue that Mr. Hammill told them, prior to entering into the agreement of sale, that he was going to employ a culinary expert at the restaurant even though he never did so and never intended to do so. Mr. Hammill made this misrepresentation, claim the plaintiffs, in order to fraudulently induce them to enter into the agreement of sale. Mr. Hammill denies ever having told the plaintiffs that he intended to employ a culinary expert, but only that he had a friend who graduated from a culinary institute and from whom he sought and would continue to seek some advice on running the restaurant. However, regardless of whose testimony we believe, this argument cannot succeed under § 523(a)(2)(A) because the plaintiffs have not shown that they relied on Mr. Hammill's alleged statement in entering into the agreement of sale. In fact, Mr. Koltman specifically testified that he may have made the agreement of sale even if he had known that the debtors were not going to employ a culinary expert in the restaurant.

■ The plaintiffs also argue that the debtors misrepresented their financial condition to the plaintiffs. Specifically, the plaintiffs argue that the debtors "failed to advise the Plaintiff (sic) that they did not have the funds necessary to pay for the business or any means to acquire those funds." (plaintiffs' memorandum of law, page 5). This argument fails under the express terms of § 523(a)(2)(A) because it involves the debtors' financial condition. *Also see In re Gelfand, supra; In re Phillips, supra.* We also note that even if the plaintiffs made their "financial condition" argument under § 523(a)(2)(B), such argument would clearly fail for lack of a writing.

For all of the foregoing reasons, we conclude that the debtors' debt to the plaintiffs

---

**3.** There is some dispute as to whether the debtors told the plaintiffs where the $5,000.00 came from, but there is absolutely no allegation of an affirmative misrepresentation by the debtors in this regard.

is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and is dischargeable.[4]

---

**4.** The plaintiffs' argument that the debtors should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3) is wholly without merit and need not be discussed.