**In re Michael L. MAURER and Irene A. Maurer, Debtors.**

**FIRST BAPTIST CHURCH, Plaintiff,**

v.

**Michael L. MAURER, Defendant.**

**Bankruptcy No. 87–03048T.**
**Adv. No. 87–0784.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 4, 1990.

Alan B. Ziegler, Reading, Pa., for plaintiff.

Frederick L. Reigle, Reigle & Gellert, Reading, Pa., for debtors/defendant.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

■ Before the court is a complaint filed by First Baptist Church ("plaintiff") objecting under 11 U.S.C. § 523(a)(2)(A)[1] to the discharge of a debt owed to it by debtor. For the reasons set forth below, we find that plaintiff failed to meet its burden of proof and that the debt is dischargeable.

Debtor is a roofing contractor who, along with his wife, were the sole shareholders in a corporation known as M.L. Maurer Roofing Contractors, Inc. ("MLMR").[2] On or about January 11, 1986, MLMR submitted a proposal to plaintiff to perform roofing work on plaintiff's property. As MLMR's proposal was the lowest of all submitted, plaintiff accepted MLMR's proposal and gave debtor a $7,500.00 deposit. Neither MLMR nor debtor completed the job and plaintiff obtained a default judgment against debtor in state court. During the course of the state court proceeding, a deposition was scheduled which debtor failed to attend. Therefore, plaintiff also requests that we enter an order requiring debtor to pay the attorney's fees and costs it incurred as a result of this deposition pursuant to a local rule of the county court which requires that when a party involved in a county court action files a bankruptcy petition, that party must file a notice of same in the county court action. We shall first address the question of whether the debt is dischargeable.

Initially, we note that we agree with debtor's argument that he, individually, had no contractual relationship with plaintiff. Rather, the contract was entered into between MLMR and plaintiff.[3] However, even if the contract had been between debtor, individually, and plaintiff, we conclude, for the reasons set forth hereafter, that the debt is dischargeable.

■ In order to successfully challenge the dischargeability of a debt under § 523(a)(2)(A), the plaintiff must establish each of the following elements by clear and convincing evidence: (1) that the debtor made the representations, (2) knowing that they were false, (3) with the intent and purpose of deceiving the plaintiff, (4) that the plaintiff relied upon the representations, and (5) sustained the alleged loss as a proximate result of the representations

1. In his brief, debtor addresses the applicability of § 523(a)(2)(B) and (a)(6) despite the fact that plaintiff never raised these issues in its complaint, at the hearing or in its brief. For the following reasons, we find that neither § 523(a)(2)(B) nor § 523(a)(6) prevents the discharge of this debt. The only written statement introduced into evidence was the proposal submitted by M.L. Maurer Roofing Contractors, Inc. to plaintiff. Since this proposal does not deal with debtor's financial condition, § 523(a)(2)(B) does not apply. Furthermore, plaintiff failed to introduce sufficient evidence to establish that debtor committed a willful and malicious injury as required by § 523(a)(6).

2. MLMR also filed a chapter 7 petition.

3. Plaintiff incorrectly states that the proposal does not identify MLMR and that no evidence was presented to establish that the $7,500.00 check was deposited into MLMR's checking account. We find otherwise. The proposal clearly identifies MLMR as the party who is to perform the work and convincing evidence, including a copy of the $7,500.00 check which shows an endorsement by MLMR for deposit into MLMR's account, a copy of MLMR's deposit slip and a copy of MLMR's checking account statements, was introduced to establish that the $7,500.00 check was deposited into MLMR's checking account.

having been made. *United States v. Stelweck,* 108 B.R. 488 (E.D.Pa.1989); *Schwalbe v. Gans (In re Gans),* 75 B.R. 474 (Bankr.S.D.N.Y.1987); *Koltman v. Hammill (In re Hammill),* 61 B.R. 555 (Bankr. E.D.Pa.1986). Proof of actual fraud is necessary to support a finding of nondischargeability under § 523(a)(2)(A), although the fraud may be proven by either direct or circumstantial evidence. *Seiders v. Fenninger (In re Fenninger),* 49 B.R. 307 (Bankr.E.D.Pa.1985). Finally, exceptions to discharge must be narrowly construed against the creditor and in favor of the debtor. *In re Hammill, supra.*

 Instantly, we conclude that plaintiff has not met its burden of proving, by clear and convincing evidence, that debtor made a fraudulent representation. It is well established that a finding of fraud cannot be premised upon a mere breach of contract. Instead, to be actionable as fraud, the plaintiff must establish that the debtor entered into the contract with the intent of never complying with its terms. *Seepes v. Schwartz (In re Schwartz),* 45 B.R. 354 (S.D.N.Y.1985); *In re Gans, supra; In re Hammill, supra; In re Fenninger, supra.* After reviewing the evidence, we find that plaintiff has not proven that debtor never intended to complete the work at the time the contract was entered into.

The evidence presented by plaintiff and debtor is conflicting. Plaintiff contends that debtor's intent not to perform can be inferred from the following alleged facts: that debtor advised plaintiff that he needed the deposit money to purchase materials for the job, that debtor never used the deposit money to purchase materials for the job, that debtor never completed the job and that debtor could not perform the job in a workmanlike manner and make a profit for the price submitted in debtor's proposal.[4] Debtor, on the other hand, maintains that he never told plaintiff that he needed the deposit money to purchase ma-

terials for the job because he used materials on the job that he had previously purchased in bulk and stored in a warehouse, that plaintiff would not give him the deposit money until the materials were delivered to the job site, that he went to the job site on several occasions to repair leaks, sweep up slag, remove slag and patch flashings, that plaintiff's witness was not at the job site on a regular basis and was not there when debtor performed some of the work, that he could make a profit at the price charged and that at all times he intended to complete the job but was prevented from doing so due to cash flow problems. Given this evidence and our determination that debtor was a credible witness, we conclude that plaintiff has not met its burden of proving, by clear and convincing evidence, that debtor obtained money from plaintiff by false pretenses, a false representation or actual fraud. At the most, debtor may have engaged in bad business judgment, but this is insufficient to warrant a finding of nondischargeability under § 523(a)(2)(A). *In re Hammill, supra.* As was stated by the District Court for the Southern District of New York in *In Schwartz, supra* at 357: "[n]o matter how unfounded the debtor's rose-colored optimism, the plaintiff must establish by clear and convincing evidence that the debtor had no intention [of performing the contract]."

 In its complaint, plaintiff also alleges that the doctrines of res judicata and collateral estoppel render the county court default judgment binding upon the parties in this dischargeability action. We disagree. As the United States Supreme Court recognized in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) the principles of res judicata do not apply in dischargeability actions in bankruptcy. *See also, Graham v. IRS (In re Graham),* 94 B.R. 386 (Bankr.E.D.Pa.1988). Furthermore, it is well established that a default judgment cannot serve as the basis

---

4. We note that we calculated the figures given by plaintiff's expert as necessary to make a profit on the job while performing in a workmanlike manner and discovered that plaintiff's expert believed that the job could be performed

in a workmanlike manner and a reasonable profit made if the contractor charged between $13,750.00 and $15,625.00 for the job. MLMR contracted to do the job for plaintiff for $14,805.00.

for a collateral estoppel argument since no issues were actually litigated, and therefore, a default judgment has no preclusive effect. *Matter of McMillian*, 579 F.2d 289 (3rd Cir.1989); *Clemens v. Cobley (In re Cobley)*, 89 B.R. 446 (Bankr.E.D.Pa.1988).

We next turn to the question of whether debtor should be charged with the attorney's fees and costs incurred by plaintiff as a result of his failure to attend the deposition scheduled in the county court action. We conclude that we lack jurisdiction to impose sanctions upon a party for an alleged violation of a county court rule and hence, we deny plaintiff's request.

An appropriate order will follow.

### ORDER

AND NOW, this 4th day of April, 1990, it is ORDERED that: (1) judgment on the complaint is entered in favor of debtor, Michael L. Maurer, and against plaintiff, First Baptist Church; and (2) debtor's obligation to plaintiff is held to be dischargeable;. and (3) plaintiff's request for sanctions is DENIED.