In re Michael E. DONLEY, Debtor.

Mark LIPKA and Heather Long, Plaintiffs,

v.

Michael E. DONLEY, Defendant.

Bankruptcy No. 89–20982T.
Adv. No. 89–0812.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 14, 1990.

tiffs' obtaining a mortgage commitment, debtor supplying plaintiffs with a clear city code letter and debtor "providing such inspections as necessary for FHA." The commitment letter plaintiffs received from the mortgagee required that the roof be in good condition, that it be coated by a reputable roofer and that a one year warranty be issued on the roof. At settlement, debtor supplied plaintiffs with a statement written on "Donley Brothers" stationery acknowledging that the roof had been professionally coated and that a one year warranty existed on the roof. Approximately eight months after settlement, plaintiffs experienced problems with the roof which required repair. Plaintiffs maintain that debtor is responsible for the costs of the repair and that this debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1]

In order to prevail on a complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A), the plaintiff must prove, by clear and convincing evidence, that: (1) the debtor made a materially false representation, (2) knowing that it was false, (3) with the intent and purpose of deceiving the plaintiff, (4) that the plaintiff reasonably relied on the representation and (5) sustained damage as a proximate result of the representation having been made. *United States v. Stelweck*, 108 B.R. 488 (E.D.Pa.1989); *Fluehr v. Paolino (In re Paolino)*, 89 B.R. 453 (Bankr.E.D.Pa. 1988). Proof of actual fraud is necessary to support a finding of nondischargeability under § 523(a)(2)(A), although the fraud may be proven by direct or circumstantial evidence. *Seiders v. Fenninger (In re Fenninger)*, 49 B.R. 307 (Bankr.E.D.Pa. 1985). Finally, exceptions to discharge must be narrowly construed against the creditor and in favor of the debtor. *Koltman v. Hammill (In re Hammill)*, 61 B.R. 555 (Bankr.E.D.Pa.1986).

After reviewing the evidence presented, we find that plaintiffs have not established, by clear and convincing evi-

R.S. Trigg, Lancaster, Pa., for plaintiffs.

James R. Leonard Jr., Lancaster, Pa., for debtor.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a complaint filed by plaintiffs objecting to the dischargeability of a debt allegedly owed to them by debtor pursuant to 11 U.S.C. § 523(a)(2)(A). Because we find that plaintiffs have not met their burden of proving fraud or reasonable reliance, we find that the debt is dischargeable and enter judgment in favor of debtor.

The facts of this case are relatively straightforward. Before filing his bankruptcy petition, debtor entered into an agreement to sell a home to plaintiffs. The agreement was contingent only upon plain-

---

1. No evidence was introduced regarding any attempts by plaintiffs to have the roof repaired by Donley Brothers under the one year warranty and plaintiffs have not alleged that their cause of action against debtor is based upon the warranty. Hence, we will not address this issue.

dence, that debtor committed fraud. Plaintiffs did not offer any evidence, direct or circumstantial, to support their assertions that Donley Brothers either improperly repaired the roof[2] or did no repair work to the roof. Although plaintiff's offered the testimony of a salesman from a roofing company, this witness did not testify about the repair work performed by Donley Brothers. Rather, he testified only that he examined the roof, found a leak and prepared an estimate for plaintiffs to have the roof repaired. This does not establish that the statement provided by debtor was false or that it was made with intent to deceive plaintiffs. Likewise, this is also true of the evidence offered by plaintiffs that debtor did not obtain a building permit[3] from the city to perform the repair work. While this may establish that Donley Brothers performed the repairs illegally (i.e., without a permit), it does not establish that the repair work was never performed by Donley Brothers, or if performed, was done improperly, or, most importantly, that debtor committed fraud.

Furthermore, plaintiffs have not established that they reasonably relied on the statement furnished by debtor. Plaintiffs did not question debtor about Donley Brothers' experience in the roofing business and did not inquire, prior to settlement, about the repair work that was to be performed on the roof. Therefore, we can not conclude that any reliance by plaintiffs upon the statement provided by debtor was reasonable. For all the reasons outlined above, we find that the debt allegedly owed to plaintiffs is dischargeable.

---

**2.** Even if plaintiffs would have established that Donley Brothers negligently performed the repair work, this would not establish the fraud necessary to bar discharge of the debt under 11 U.S.C. § 523(a)(2)(A).

**3.** Since debtor was the owner of the premises at the time the repair work was preformed, he was not required to have a home improvement contractor's license.