UNITED STATES COURT OF APPEALS

January 25, 2008

FOR THE TENTH CIRCUIT

In re:

DONALD ALVIN CARLSON,

      Debtor.

—————

COBRA WELL TESTERS, LLC,

      Plaintiff-Appellant,

v.

DONALD ALVIN CARLSON,

      Defendant-Appellee.

No. 06-8158
(BAP No. WY-06-027)
(BAP)

## ORDER

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

An Order and Judgment was filed in this matter on January 23, 2008. The panel hereby amends the last sentence on page thirteen of the Order and Judgment to read "The judgment of the bankruptcy court is AFFIRMED." A copy of the amended Order and Judgment is attached to this order.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

UNITED STATES COURT OF APPEALS January 23, 2008

FOR THE TENTH CIRCUIT

In re:

DONALD ALVIN CARLSON,

Debtor.

No. 06-8158
(BAP No. WY-06-027)
(BAP)

COBRA WELL TESTERS, LLC,

Plaintiff-Appellant,

v.

DONALD ALVIN CARLSON,

Defendant-Appellee.

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this bankruptcy adversary proceeding, plaintiff-creditor Cobra Well Testers, LLC (Cobra) appeals the "Opinion on Complaint" and related judgment entered by the United States Bankruptcy Court for the District of Wyoming rejecting its claims that: (1) Cobra's unsecured nonpriority claim for $24,000 should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A); and (2) the Chapter 7 discharge of defendant-debtor Donald Alvin Carlson (Debtor) should be denied pursuant to 11 U.S.C. § 727(a)(3) and (5). The United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP) entered an order and judgment affirming the bankruptcy court's opinion in all respects, and Cobra is asking this court to reverse both the BAP and the bankruptcy court. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

**I.**

The bankruptcy court conducted a one-day bench trial regarding Cobra's claims, and both sides submitted evidence and testimony. In its order and judgment, the BAP accurately summarized the evidence presented at trial and the proceedings below as follows:

> Prior to filing bankruptcy, Debtor operated an oil field service business. Rick Adams ("Adams"), one of Cobra's principals, was previously employed by Debtor. After leaving Debtor's employ, Adams formed Cobra, which became a competitor. In late 2003, Debtor was facing financial difficulties and decided to cease operation of his business. Shortly thereafter, Cobra began negotiating with Debtor for the purchase of his business assets.

> In connection with the purchase, Cobra engaged a mutual acquaintance, Dan Smith ("Appraiser"), to appraise the Debtor's assets. The Appraiser, with Adams, went to the storage yard and

-2-

building in Rock Springs, Wyoming, where Debtor's equipment was located. Debtor was not present for the inspection. After inspection, Appraiser prepared an appraisal dated January 26, 2004 ("Appraisal"), that valued the assets at $315,950. It was not until August 2, 2004, that Debtor and Cobra actually executed a contract for sale ("Contract") regarding the oil field business assets. The agreed sales price was $155,000. The Contract was prepared by Cobra's attorney and contained a list of the assets on the Appraisal. When the closing occurred on August 24, 2004, in Casper, Wyoming, Cobra provided Debtor with a bill of sale ("Bill of Sale") that contained the same list of sale assets as the Appraisal and the Contract. Debtor executed the Bill of Sale, and a Cobra representative traveled to Rock Springs, Wyoming, to take possession of the purchased assets the next day.

A dispute arose between the parties as to some of the assets which were part of the sales transaction. Cobra alleged some items were missing and others were in a state of disrepair. The parties eventually agreed [and stipulated at trial] to a value of $24,000 for the missing . . . assets.

Debtor filed his Chapter 7 petition on November 18, 2004. Cobra then filed this adversary proceeding, objecting to Debtor's Chapter 7 discharge pursuant to § 727[(a)(3) and (5)]. Cobra also objected to the dischargeability of the debt for the missing . . . equipment pursuant to § 523(a)(2)(A) . . . . The bankruptcy court denied all of Cobra's claims . . . .

*See* Aplt. App. at 321-22 (footnotes omitted).[1]

## II.

In this appeal, we are only reviewing factual findings of the bankruptcy court, and we review those findings under the clearly erroneous standard. *See*

*Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1370 (10th Cir. 1996). A

---

[1]    In the proceedings below, Cobra also asserted claims under 11 U.S.C. §§ 523(a)(6) and 727(a)(2)(A) and (a)(4), but it has abandoned those claims in this appeal. We therefore do not need to consider them.

finding of fact is clearly erroneous if "it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quotation omitted). In addition, as noted by the BAP, "[a] creditor has the burden of proving the elements of a § 523 or § 727 claim by a preponderance of the evidence." Aplt. App. at 323 (citing *Grogan v. Garner*, 498 U.S. 279 [,291] (1991) and *First Nat'l Bank of Gordon v. Serafini (In re Serafini)*, 938 F.2d 1156 [,1157] (10th Cir. 1991)). As set forth below, we conclude that the bankruptcy court's factual findings are not clearly erroneous, and we agree with the bankruptcy court that Cobra failed to prove its claims by a preponderance of the evidence.

### A. Claims Under § 523(a)(2)(A).

Under the Bankruptcy Code, a debtor will not be discharged from any debt obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To establish that a claim is nondischargeable under § 523(a)(2)(A), a creditor must prove the following elements by a preponderance of the evidence: "[t]he debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the debtor's representation caused the creditor to sustain a loss." *Young*, 91 F.3d at 1373.

As recognized by the BAP, with regard to the scienter element, this court "has stated that [the] requisite intent [to defraud] may be inferred from a sufficiently reckless disregard of the accuracy of the facts." Aplt. App. at 330 (citing *Driggs v. Black (In re Black)*, 787 F.2d 503, 506 (10th Cir. 1986), *abrogated on other grounds by Grogan*, 498 U.S. at 291, and *Cent. Nat'l Bank & Trust Co. v. Liming (In re Liming)*, 797 F.2d 895, 897 (10th Cir. 1986)).[2] Further, "[t]he fraudulent intent element of § 523(a)(2)(A) need not be shown by direct evidence, but may be inferred from the totality of the circumstances." *Groetken v. Davis (In re Davis)*, 246 B.R. 646, 652 (10th Cir. BAP 2000). We have also cautioned, however, that the exceptions to discharge contained in § 523(a) "are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997) (applying § 523(a)(2)(B)).

The bankruptcy court found that Cobra's claim under § 523(a)(2)(A) "fails for want of fraudulent intent." Aplt. App. at 316. This is a factual finding that

---

[2] Although *Black* and *Liming* involved denial-of-discharge claims under § 523(a)(2)(B), which provides that any debt obtained by the use of a materially false written statement is not dischargeable, the reckless disregard standard applies with equal force to the scienter element under § 523(a)(2)(A). *See Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005) (noting that a reckless disregard for the truth or falsity of a statement can satisfy the scienter element under § 523(a)(2)(A)).

we review for clear error, and we see no such error here. *See Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997) ("Intent to defraud [under § 523(a)(2)(A)] is a question of fact."); *Anastas v. Am. Sav. Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir. 1996) ("A finding of whether a requisite element of [a] section 523(a)(2)(A) claim is present is a factual determination reviewed for clear error."). As the bankruptcy court succinctly explained:

> The appraisal and list of Sale Assets was prepared by Cobra's agent, and Cobra did not inspect the assets against the list. The Contract and Bill of Sale containing the asset list was prepared by Cobra and its agent and not signed by the debtor until months after the list was prepared. The debtor did not make any pre-closing assertions as to the condition of the assets or the extent of the assets. The court believes [debtor] signed the documents presented to him by Cobra in a simple attempt to get the business sold and pay down his IRS debt. A warranty of title is not fraud. This is a case of contract default at best.

Aplt. App. at 316.

We agree with the bankruptcy court's analysis. Simply put, Cobra failed to prove that Debtor did not intend to transfer title to all of the assets listed in the Contract and Bill of Sale at the time those documents were executed and therefore acted with an intent to deceive. Instead, at best, the evidence at trial showed only a subsequent breach of contract, and a "mere inability or failure to perform is not, in itself, sufficient evidence of fraudulent intent [for purposes of § 523(a)(2)(A)]." *Williams v. Zachary (In re Zachary)*, 147 B.R. 881, 883 (Bankr. N.D. Tex. 1992); *see also First Baptist Church v. Maurer (In re Maurer)*, 112 B.R. 710, 713 (Bankr. E.D. Pa. 1990) ("It is well established that a finding of

fraud [under § 523(a)(2)(A)] cannot be premised upon a mere breach of contract. Instead, to be actionable as fraud, the plaintiff must establish that the debtor entered into the contract with the intent of never complying with its terms."); *Donaldson v. Hayes (In re Hayes)*, 315 B.R. 579, 587 (Bankr. C.D. Cal. 2004) ("In order for a representation regarding future performance to be actionable under § 523(a)(2)(A), a debtor must lack an intent to perform when the promise was made."); *Hall v. Jackson (In re Jackson)*, 348 B.R. 595, 599 (Bankr. M.D. Ga. 2006) ("The failure to perform a mere promise is not sufficient to make a debt nondischargeable [under § 523(a)(2)(A)], even [if] there is no excuse for the subsequent breach.") (quoting 4 *Collier on Bankruptcy* ¶ 523.08[1][d] (15th ed. rev. 2006)).

Cobra attempts to overcome this failure of proof by arguing that the bankruptcy court committed a legal error because it "did not determine the claim under . . . § 523(a)(2)(A) by considering whether Debtor's reckless disregard would satisfy the intent element required under the statute." Aplt. Opening Br. at 14; *see also id.* at 12 ("The Bankruptcy Court never reviewed or determined the issues of this case related to . . . § 523(a)(2)(A) on the basis of whether there had been any sufficiently reckless disregard by Debtor."). In addition, Cobra argues that the BAP stepped outside of its role as an appellate court and made an improper factual finding when it concluded in its order and judgment that "given the overall facts and context surrounding the transaction, we do not believe

Debtor's acts are 'sufficiently reckless' to infer the requisite fraudulent intent and warrant excepting Cobra's debt from discharge." Aplt. App. at 331.

Cobra's arguments are without merit. To begin with, the question of whether Debtor acted with a reckless disregard of the facts is not an element of a § 523(a)(2)(A) claim, but is instead simply a means of proving fraudulent intent by inference. As a result, the bankruptcy court was not required to make any specific factual findings regarding Debtor's alleged recklessness. Instead, the court was only required to determine the ultimate factual issue of whether Cobra proved that Debtor acted with the requisite fraudulent intent, and we have concluded that the court's determination of that factual issue was not clearly erroneous. We also reject Cobra's argument that the BAP made an improper factual finding, as we construe its statement to be a legal determination that Cobra presented insufficient evidence of Debtor's recklessness to require that an inference of fraudulent intent be drawn by the bankruptcy court. Moreover, having reviewed the matter de novo, we agree with the BAP's legal conclusion.

**B. Claims Under § 727(a)(3).**

Section 727(a)(3) provides as follows:

(a) The court shall grant the debtor a discharge, unless–

. . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3).

"[T]o state a prima facie case [under § 727(a)(3)], [Cobra] had to demonstrate that [Debtor] had failed to maintain and preserve adequate records and that the failure made it *impossible* to ascertain his financial condition and *material business* transactions." *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1295 (10th Cir. 1997). However, "[i]n order to deny discharge for failure to keep records the court need not find that the debtor intended to conceal his financial condition." *Meridian Bank v. Alten*, 958 F.2d 1226, 1234 (3d Cir. 1992); *see also Razzaboni v. Schifano (In re Schifano)*, 378 F.3d 60, 70 (1st Cir. 2004) ("Under § 727(a)(3), a creditor need not prove a fraudulent intent, but only that the debtor unreasonably failed to maintain sufficient records to adequately ascertain his financial situation."). The question of whether a debtor violated § 727(a)(3) is a factual determination that we review for clear error. *See Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003).

We agree with the BAP that "[t]he bankruptcy court committed no error in ruling against Cobra's § 727(a)(3) claim." Aplt. App. at 327. As explained by the BAP:

> In this case, Cobra argues Debtor's discharge should be denied under § 727(a)(3) because Debtor did not possess any records for his oilfield service business. It is uncontroverted that Debtor lacked any business records at the time the Chapter 7 petition was filed. The evidence presented to the bankruptcy court was that the business records were destroyed by the Debtor's former spouse who had been the bookkeeper for the business, even post-divorce. However, the bankruptcy court found "no evidence that the business records may have been material to any question raised about the [D]ebtor's financial condition." We agree.
>
> The sale of business assets from Debtor to Cobra shortly prior to the bankruptcy meant that Debtor had no business -- he sold whatever assets he had to Cobra and got out of the business. Further, [the Statement of Financial Affairs that Debtor submitted to the bankruptcy court] accounts for all distributions made from the net proceeds received from the sale of the business assets. It is difficult to see then, how the destroyed records made it impossible to ascertain Debtor's financial condition or material business transactions.

*Id.* at 326-27 (footnote omitted).

Having found no clear error in the bankruptcy court's analysis of Cobra's claim under § 727(a)(3), we affirm the court's rejection of the claim.

-10-

## C. Claims Under § 727(a)(5).

Section 727(a)(5) provides as follows:

(a)  the court shall grant the debtor a discharge, unless–

. . . .

(5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

11 U.S.C. § 727(a)(5).

Under § 727(a)(5), "a bankruptcy court has broad power to decline to grant a discharge . . . where the debtor does not adequately explain a shortage, loss, or disappearance of assets." *In re D'Agnes*e, 86 F.3d 732, 734 (7th Cir. 1996) (quotation omitted).  "Section 727(a)(5) requires a satisfactory explanation which must consist of more than vague, indefinite and uncorroborated assertions by the debtor." *Damon v. Chadwick (In re Chadwick)*, 335 B.R. 694, 703 (W.D. Wis. 2005).  However, "[a]s is the case with Section 727(a)(3), no requirement exists that debtors act fraudulently or intentionally to sustain an objection to discharge based on Section 727(a)(5)." *Shappell's Inc. v. Perry (In re Perry)*, 252 B.R. 541, 549 (Bankr. M.D. Fla. 2000).  On the other hand, "[w]hen deciding whether a debtor's explanation is satisfactory for purposes of Section 727(a)(5), the issue is whether the explanation satisfactorily describes what happened to assets; not whether what happened to assets was proper." *Id.* at 550; *see also Buckeye Retirement Props. of Indiana, LLC v. Tauber (In re Tauber)*, 349 B.R. 540, 564 (Bankr. N.D. Ind. 2006) (stating that, for purposes of § 727(a)(5), "the

debtor does not need to justify the wisdom or prudence in the disposition of assets"). "[A] bankruptcy court's decision under Section 727(a)(5) will not be overturned unless it is clearly erroneous." *Chadwick*, 335 B.R. at 703.

"A prima facie case under Section 727(a)(5) has been held to exist where a creditor shows that . . . there was an unusual and unexplained disappearance of assets shortly before the debtor filed bankruptcy." *Perry*, 252 B.R. at 549. Cobra claims that it has made such a showing because, in August 2004, approximately three months before Debtor filed his Chapter 7 petition, there was an unexplained disappearance of some of Debtor's business assets that were listed in the Contract and Bill of Sale. We disagree. As the bankruptcy court found, "Cobra failed to show a loss of assets and [Debtor] addressed and explained each and every loss or deficiency of assets in question." Aplt. App. at 315. This factual finding is supported by the record and is not clearly erroneous to the extent it is referring to any loss of assets suffered by Debtor's bankruptcy estate, which is how we interpret it. Most importantly, the record shows that, although Cobra did not receive all of the business assets which it purchased from Debtor, Debtor received the full sale price of $155,000,[3] *id.* at 232-33, and Debtor fully disclosed and

---

[3]     The net amount that Debtor actually received was $108,732.88 because $41,250.12 was deducted from the total sale price of $155,000 and used to pay back rent owed by Debtor and the state sales tax due from Debtor as a result of the asset sale. *See* Aplt. App. at 232-33, 286. A $17.00 wire transfer fee was also deducted. *Id.* at 233. From the $108,732.88, Debtor then used $84,646.71 to make a number of payments to creditors, and each of the payments is listed in his Statement of Financial Affairs. *Id.* at 286.

explained how this money was expended in the Statement of Financial Affairs that he submitted to the bankruptcy court as part of his Chapter 7 petition, *id.* at 276, 286. This is all that § 727(a)(5) required, and the fact that Cobra may now be challenging the propriety of the cash distributions that Debtor made with the sale proceeds is not relevant to the analysis under § 727(a)(5).

The judgment of the bankruptcy court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge