In re Lewis R. PHILLIPS and Bonnie L. Phillips d/b/a Steam Valley Inn, Debtors.

CITIZENS & NORTHERN BANK, Plaintiff,

v.

Lewis R. PHILLIPS and Bonnie L. Phillips d/b/a Steam Valley Inn, Defendants.

Bankruptcy No. BK 5–81–00765. Adv. No. 5–81–0522.

United States Bankruptcy Court, M.D. Pennsylvania.

June 29, 1982.

Edward H. Owlett, Wellsboro, Pa., for plaintiff Citizens and Northern Bank.

Richard Gahr, Williamsport, Pa., for debtors.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, Citizens & Northern Bank (the Bank), commenced this adversary proceeding against the debtors for a determination of the non-dischargeability of a debt under § 523(a)(2) of the Bankruptcy Code. Subject to the provisions of that section, § 523(a)(2) exempts from discharge debts incurred through a debtor's misstatements.

The debtors applied to the Bank for a $50,000 business loan in July of 1980. They sought the loan to consolidate several outstanding loans granted by the Bank and to satisfy an $18,000 debt to another Bank. Upon the Bank's statement that the execution of a loan of this size would require collateral, the debtors granted the Bank a security interest in their business equipment. The security agreement did not specify what equipment the debtors possessed or the dollar value of such property. The word "equipment" was the sole term in the security agreement describing the property subject to the security interest. The pre-printed security agreement contained several warranties, one of which stated that the "(d)ebtor is the owner of the collateral clear of all liens and security interests, except the security first granted hereby." The parties introduced conflicting evidence as to whether the debtors orally stated that the equipment was free and clear of liens.

It is uncontested that the equipment was encumbered by a security interest which was granted and duly recorded in 1978, prior to the debtors' execution of the loan application at issue in this dispute. Upon receipt of the loan application the Bank's loan officer presented it to the Bank's board of directors which promptly approved the loan. Subsequent to the Bank's approval the debtors presented the Bank with an itemized list of assets which would secure the loan. The Bank's loan officer testified that the loan was granted due to the prior credit worthiness of the debtors and the fact that no significant amount of new money was being advanced. He further testified that the Bank did not rely on its security interest in the debtors' equipment in deciding to make the loan.

■ The Bank seeks a determination of the non-dischargeability of a debt under § 523(a)(2) of the Bankruptcy Code. That section provides as follows:

§ 523. *Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) * * *

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

(3) * * *

Under this section a debt can be determined non-dischargeable on either of two grounds. The first, § 523(a)(2)(A), can only be based upon a misstatement that does *not* concern the financial condition of the debtor or an insider. The second, § 523(a)(2)(B), must necessarily be based upon a misstatement which *does* concern the financial condition of the debtor or an insider. § 523(a)(2)(B)(ii). Since the instant case is a dispute regarding the debtors' statements about the encumbrances on their assets, this is a matter which concerns the financial condition of the debtors; consequently, relief can be afforded only under § 523(a)(2)(B). *Camden National Bank v. Archangeli (In re Archangeli),* 6 B.R. 50, 52 (Bkrtcy.D.Me.1980). As a result, we find that the Bank's requests for relief which are premised upon § 523(a)(2)(A) are without merit.

■ Relief can be afforded under § 523(a)(2)(B) only if the creditor reasonably relied upon a misstatement made by the debtor. § 523(a)(2)(B)(iii). The Bank's loan officer testified that the Bank did not rely upon the value of the debtor's collateral in granting the loan. Since the Bank failed to prove one of the requisite elements of § 523(a)(2)(B), reasonable reliance, its request for relief under that section is without merit. Due to the Bank's failure to establish its entitlement to relief, judgment will be entered for the debtors.

■ The foregoing findings and conclusions were reached after review of the evidence, or lack thereof, including observation of the witnesses and judgment of each one's credibility. In examining the debtor's conduct the court must be guided by the rule that exceptions to the dischargeability of a debt are construed strictly against the creditor's obligations and liberally in favor of the debtor. *Hennessy Cadillac, Inc. v. Green (In re Green),* 5 B.R. 247 (Bkrtcy.N. D.Ga.1980), *citing In Re Knight,* 421 F.Supp. 1387 (M.D.La.1976) affirmed 551 F.2d 861, 862 (5th Cir.1977), and *In Re Dolnick,* 374 F.Supp. 84 (N.D.Ill.1974). This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Bankruptcy Rules.