In re Steven Lewis WATSON and Billye Su Watson, Debtors.

**WILL ROGERS BANK AND TRUST COMPANY, Plaintiff,**

v.

**Steven Lewis WATSON and Billye Su Watson, Defendants.**

**Bankruptcy No. 88–71152.**
**Adv. No. 89–7001.**

United States Bankruptcy Court, E.D. Oklahoma.

Sept. 8, 1989.

Robert A. Wallace, Poteau, Okl., for plaintiff.

Thomas B. Webb, McAlester, Okl., for defendants.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On this 8th day of September, 1989, the parties' Briefs which were ordered to resolve certain legal issues prior to Trial in the above-referenced adversary proceeding came before this Court for consideration.

At a conference conducted on July 10, 1989, the determination was made that two legal issues remained outstanding which required resolution prior to an evidentiary trial on the merits, to-wit:

(A) Whether the Oklahoma General Corporation Act found in Title 18 which became effective November 1, 1986 has retroactive effect so as to absolve corporate officers from liability on debts incurred during the period of suspension for failure to pay franchise tax under the particular facts of this case.

(B) May an individual guarantor of a corporate debt be denied a discharge as to that debt pursuant to 11 U.S.C. § 523(a)(2).

After review of the timely Briefs and Stipulations filed by the parties and the applicable law in the area, we do hereby enter into the following Findings of Fact and Conclusions of Law in this core proceeding:

## FINDINGS OF FACT

1. The Defendants managed and operated two House of Sight and Sound stores located in Oklahoma City. On April 23, 1979, the Defendants became officers in a valid Oklahoma corporation known as Ash-Dee, Inc. which also did business under the name of Ash-Dee, Management, Inc.

2. On May 23, 1980, Ash-Dee, Inc. was suspended by the Secretary of State, State of Oklahoma, upon the Order of the Oklahoma Tax Commission based upon the failure of the corporation to pay required franchise taxes.

3. On December 30, 1983, Ash-Dee, Inc. obtained a loan from the Plaintiff, with Defendant Steve Watson as President of Ash-Dee, Inc. executing a Security Agreement pledging various property located in the House of Sight and Sound stores and certain vehicles belonging to the corporation.

In procuring the loan, the corporation was required to provide a financial statement which was executed by one or both of the Defendants as officers of the corporation. Further, the Defendants were personal guarantors on the loan obtained for the benefit of the corporation, Ash-Dee, Inc.

4. On June 2, 1987, the Oklahoma Secretary of State reinstated the corporation known as Ash-Dee, Inc. upon recognition

of the Oklahoma Tax Commission that franchise taxes had been brought current.

5. On June 17, 1988, the Plaintiff obtained Judgment against the Defendants in State Court based upon the personal guarantee of the Defendants on the indebtedness owed by Ash–Dee, Inc.

6. On September 22, 1988, the corporation, Ash–Dee, Inc., was once again suspended by the Secretary of State for the State of Oklahoma based upon the notification by the Oklahoma Tax Commission of the Corporation's failure to remit the appropriate franchise taxes.

7. On September 30, 1988, the Defendants filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in this Court.

8. Plaintiff alleges that by the terms of the Oklahoma General Corporation Act under Title 18 of the Oklahoma Statutes, the officers of the suspended corporation are personally liable for debts incurred during the period of suspension and that the reinstatement and revival of the corporation does not alleviate said liability. Plaintiff further alleges that even if this theory is not accepted by this Court, Title 18 provides that the fact that Ash–Dee was suspended when the loan was procured removes this case from the retroactive effect of reinstatement, extinguishing the corporate officers' personal liability. Plaintiff also states that if the Oklahoma Business Corporation Act does in fact apply, Ash–Dee, Inc. did not comply with the statutorily mandated requirements for restoration and revival of the corporation under reinstatement by the Oklahoma Secretary of State pursuant to Okla.Stat.Ann. tit. 18, § 1120(B)–(D) (West, 1986).

Finally, Plaintiff states that a debt may be deemed nondischargeable in the debtors' bankruptcy despite the fact that the credit was extended to a corporation. This being so due to the fact that the false statements made truly emanated from the debtors but apply to the corporation.

9. Defendants proffer that at the time the Judgment was obtained in the District Court of Oklahoma County, Oklahoma, Ash–Dee, Inc. was a viable corporation. Having been duly reinstated at the time of the rendering of the Judgment, the debtors are afforded the protection of the Oklahoma General Corporation Act and thus are removed from personal liability on the corporation debt. Further, Plaintiff states that since the Judgment in the State Court was obtained on the basis of the personal guarantee agreement signed by the debtors and not upon the potential liability arising from the invalidity of the corporate charter, the Plaintiff is precluded from asserting this theory in the adversary proceeding in bankruptcy.

Finally, Defendants admit that an individual guarantor of a corporate debt may be denied a discharge under 11 U.S.C. § 523(a)(2). However, Defendants state that the Plaintiff is limited in this action to proceeding under § 523(a)(2)(B) since proceeding under § 523(a)(2)(A) is prohibited by its terms (i.e. this Section is applicable to false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*. By the Defendants' argument, the alleged misrepresentation as to the nature of the collateral possessed by the corporation would fall under the category of a statement of the insider's financial condition).

## CONCLUSIONS OF LAW

A. At issue in this case are two seemingly conflicting provisions of the Oklahoma Statutes with regard to the viability of a corporation. The first is found at Okla.Stat.Ann. tit. 18, § 1120(E) (West, 1986) which states:

Upon the filing of the certificate in accordance with the provisions of Section 7 of this act, the corporation shall be renewed and revived with the same force and effect as if its certificate of incorporation had not become forfeited, or had not expired by limitation. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation, its officers and agents during the time when its certificate of incorporation was

forfeited or after its expiration by limitation, with the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect. All real and personal property, rights and credits, which belonged to the corporation at the time its certificate of incorporation became forfeited, or expired by limitation and which were not disposed of prior to the time of its revival or renewal shall be vested in the corporation after the renewal or revival, as fully and amply as they were held by the corporation at and before the time its certificate of incorporation became forfeited, or expired by limitation, and the corporation after its renewal and revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to its reinstatement, as if its certificate of incorporation had at all times remained in full force and effect.

In essence, this section would appear to absolve all corporate officers of personal liability upon proper steps being taken after the forfeiture of the certificate of incorporation, such as in this case upon the failure of payment of franchise taxes, to renew and revive the corporation. If the analysis ended here, clearly, the Defendants would have been absolved of any personal liability at the time the corporation was reinstated on June 2, 1987, relating back to the date of suspension on May 23, 1980. This would include any personal liability arising from the indebtedness due Plaintiff.

The second section of the Oklahoma Statutes which, in this case, was responsible for the forfeiture of the certificate of incorporation and the suspension of the corporate charter is found at Okla.Stat.Ann. tit. 68, § 1212(c) (West Supp.1988–89), which states in pertinent part:

Each trustee, director or officer of any such corporation (which has failed to pay the requisite franchise taxes to the Oklahoma Tax Commission), association or organization, whose right to do business

within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors and officers of such corporation, association, organization were partners. * * * (parenthetical information added by Court)

A clear and plain reading of this section would appear to impose personal liability on any officer of a corporation who knowingly binds the corporation to indebtedness during the period of suspension of the certificate of incorporation, without any retroactive effect being given to the subsequent reinstatement of the corporate charter.

B. A reconciliation of these two sections may be found in Okla.Stat.Ann. tit. 18, § 1002(B) (West, 1986) which states:

Any conflicts with the provisions of the Oklahoma General Corporation Act and any tax or unclaimed property laws of this state shall be governed by the tax or unclaimed property provisions, *including those provisions relating to personal liability of corporate officers and directors.* (Emphasis by Court)

This Section effectively subordinates the effectiveness of the Oklahoma General Corporation Act, and its provision absolving officer liability upon reinstatement of the corporation, to the Oklahoma taxation laws which impose that personal liability.

This interpretation assumes that the Oklahoma General Corporation Act which became effective on November 1, 1986 is applicable in this case since the debt was incurred in 1983. It is the position of this Court that, due to the foregoing sections, such a determination is irrelevant. If the former business corporation act under Title 18 is effective, the identical result will be obtained and personal liability will be imposed upon the officers of the corporation.

See *Midvale Min. & Mfg. Co. v. Dutron Corp.*, 569 P.2d 442 (Okla.1977).

This being the case, this Court does hereby conclude that due to the suspended Certificate of Incorporation at the time of the procuring of the loan by the Defendants from the Plaintiff, the Defendants as officers of said suspended corporation may be held personally liable for the indebtedness incurred on behalf of the suspended corporation. We find no support for the Defendants' position that the Plaintiff is limited to pursue only the theory of relief sought and obtained in the State Court Judgment on the personal guarantee in this adversary proceeding. This conclusion by this Court does not necessarily substantially alter the position of the Defendants in this action since the personal liability imposed as outlined herein may be discharged absent proof of the requisite elements of § 523.

C. The second issue facing this Court is whether an individual guarantor of a corporate debt may be denied a discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (B). The dispute as to this issue is largely removed by the Defendants' admission that such an action may be maintained. The only area of contention is whether the Plaintiff is limited in pursuing an action grounded solely in 11 U.S.C. § 523(a)(2)(B) due to the restriction imposed in § 523(a)(2)(A) that the section only apply to statements "other than a statement respecting the debtor's or insider's financial condition". The Defendants admit that Ash–Dee, Inc. qualifies under the definition of insider set forth in 11 U.S.C. § 101(30)(A)(iv) and refers this Court to the case of *In re Phillips*, 27 B.R. 646 (Bankr. M.D.Pa.1982). That case states that an action grounded in § 523(a)(2)(A) "can only be based upon a misstatement that does not concern the financial condition of the debtor or an insider ... Since the instant case is a dispute regarding the debtors' statements about the encumbrances on their assets, this is a matter which concerns the financial condition of the debtors; consequently, relief can be afforded only under § 523(a)(2)(B)." *In re Phillips*, supra at page 647.

In the instant case, since the dispute is over whether a prior encumbrance was revealed on the financial statement provided by the Defendants on behalf of the corporation, Defendants argue that the limitation imposed in § 523(a)(2)(A) is applicable in this case.

This Court concurs that the corporation qualifies as an "insider" as that term is defined under the Bankruptcy Code and thus the limitation placed by 11 U.S.C. § 523(a)(2)(A) is applicable in this case. This Court finds persuasive the case of *In re Bedard*, 19 B.R. 565 (Bankr.E.D.Pa. 1982) in which similar circumstances were present. That Court stated:

> There is no question that the debtors obtained money from the plaintiff. Furthermore, the plaintiff advanced these funds on the basis of oral representations. An examination of these statements shows that all representations related to the financial condition of the business, which was a corporation. The business in this case is an 'insider.' The definition of the term 'insider' includes a corporation, if the debtor is an individual and a person in control of the corporation. 11 U.S.C. § 101(25) [under the Code as it currently reads, this section is 101(30)]. There is no doubt that the Bedards controlled Family Enterprises, Inc. The corporation, therefore, is a statutory insider. The representations in this case all concerned the financial condition of this insider. As a result, the claim in this case is expressly excluded from § 523(a)(2)(A) and cannot be declared non-dischargeable under this provision. [bracketed information added by Court]

Similar facts exist in this case and thus we find that the Plaintiff may not proceed pursuant to 11 U.S.C. § 523(a)(2)(A), but rather is limited to an action pursuant to § 523(a)(2)(B) and the elements presented therein.